IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **06-cv-00536-EWN-BNB**

PROHOME, INC., a Kansas Corporation; and
PROHOME INTERNATIONAL, LLC, a Nevada limited liability company,

    Plaintiffs,

v.

MHS HOLDINGS, LLC, a Colorado limited liability company,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

1

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information which the designating party deems to constitute trade secrets or other confidential research, development, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices the disclosure of which would harm a competitive advantage of the designating party. CONFIDENTIAL information shall not be disclosed or used for any purpose other than for the purposes of this action (i.e., preparation for trial, trial and any pretrial or post-trial proceeding) without the prior written consent of the designating party or further order of this Court.

4.     "Levels of Confidentiality". In recognition of the fact there are different degrees of sensitivity for various pieces of information and that it may be necessary for counsel to show some CONFIDENTIAL information to independent experts and to client representatives in order to prepare the case for trial, there will be two levels of confidentiality hereunder:

   a.     "CONFIDENTIAL-CATEGORY 1-ATTORNEYS EYES ONLY" CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL-ATTORNEYS EYES ONLY information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to: (i) counsel of record for a non-designating party, the members of their firm, and their office personnel assisting in the conduct of the case; (ii) authors of and lawful recipients of the Confidential Category 1—Attorneys Eyes Only

2

Confidential materials or Confidential – Category 2 Confidential materials and their respective counsel; (iii) other persons with the prior written approval of counsel for the designating party or non-party and with written approval of opposing counsel; and (iv) experts retained to assist counsel in the preparation of the case and their office personnel, provided that the names and employment affiliations of the experts are provided to the disclosing party's counsel at least 10 days in advance of such disclosure, so that counsel for the disclosing party may have an opportunity to object to the Court prior to such disclosure, in which case such disclosure shall not occur pending resolution by the Court.

    b.     "CONFIDENTIAL-CATEGORY 2" CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to: persons authorized to review Category 1 documents as well as the parties or their officers, directors, and employees to the extent necessary for the conduct of this action and deponents noticed by the parties.

    c.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an Agreement to be Bound by Confidentiality Stipulation (attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

3

5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL – Category 1" or "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – Category 2" or "CONFIDENTIAL."

6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. Information that is, in fact, in the public domain is not subject the restrictions of this Protective Order. Any information which, prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or any other person who, absent this Order, is under no restriction with respect to the dissemination of such information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as CONFIDENTIAL, shall be deemed to be in the public domain.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the

4

obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. This Protective Order is intended to regulate the handling of CONFIDENTIAL information during the pretrial period of this litigation. This Protective Order is not intended to have, nor will it have, any bearing on the handling of any material at trial. Such matters as the introduction of information at trial that have previously been marked as CONFIDENTIAL will be handled separately, pursuant to the procedures under D. Colo. L. Civ. R. 7.2 and 7.3. This Protective Order shall remain in force and effect and shall survive the termination of this action, unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. To the extent that any discovery is taken of persons who are not parties to this action ("third parties") and in the event such third parties or the parties hereto contend the

5

discovery sought involves confidential proprietary information, then such third parties may agree to be bound by this Order. Third parties who have been subpoenaed to testify or produce documents may designate any deposition testimony or document or thing produced by them that contains information which is CONFIDENTIAL information and/or CONFIDENTIAL ATTORNEYS EYES ONLY information, and such third parties shall have the same rights and obligations with respect to such information as the parties hereto.

12. The failure to designate information in accordance with this Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose a designation or challenging a designation.

13. Any party knowing or believing that any other party is in violation of and has raised the question of violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for an injunction or an Order to Show Cause seeking to hold that party in contempt of Court and seeking such other relief as may be appropriate under the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

14. Within sixty (60) days after final termination of this action, including all appeals, all documental material and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL; provided, however that counsel of record may keep one copy of each document designated CONFIDENTIAL for reference in the event of disputed over the use or dissemination of information designated

CONFIDENTIAL. Receipt of such documentary material by the party from whom it emanated shall be acknowledged in writing.

IT IS SO ORDERED this 19th day of June, 2006.

_____
The Honorable Boyd N. Boland


APPROVED AS TO FORM AND CONTENT:

_____ Date: 6/15/06        _____ Date: 14 Jun 06

Christopher P. Beall               Peter M. deJonge
Todd P. Walker                     Gordon K. Hill
Jennifer D. Collins                THORPE NORTH & WESTERN, LLP
FAEGRE & BENSON                    8180 South 700 East, Suite 350
1700 Lincoln Street, Suite 3200    Sandy, Utah 84070
Denver, Colorado 80203
(303) 607-3500                     Attorneys for Plaintiff

Attorneys for Defendant

7

EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. **06-cv-00536-EWN-BNB**

PROHOME, INC., a Kansas Corporation; and
PROHOME INTERNATIONAL, LLC, a Nevada limited liability company,

    Plaintiffs,

v.

MHS HOLDINGS, LLC, a Colorado limited liability company,

    Defendant.

---

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

---

    I, _____, have read the foregoing Stipulated Protective Order ("Stipulation") and agree to be bound by its terms with respect to any documents, material or information designated as "CONFIDENTIAL," or "ATTORNEY'S EYES ONLY," (collectively "Confidential Material"), that are furnished to me as set forth in the Stipulation.

1.     My address is _____.

2.     I further agree not to disclose to anyone any documents, material or information designated as Confidential Material other than as set forth in the Stipulation.

9

3. I hereby consent to the jurisdiction of the United States District Court of Colorado with regard to any proceedings to enforce the terms of the Stipulation.

4. I hereby agree that any documents, materials, or information designated as Confidential Material and furnished to me will be used by me only for the purposes permitted by the Stipulation and for no other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Stipulation.

5. I further agree to return any and all documents, materials or information designated as Confidential Material together with all copies I may have made thereof (including any notes, memorandum, or the like I may have made which contain or reflect any such Confidential Material) to the attorney(s) that furnished me with any such documents, materials or information (a) at the conclusion of the Action (as defined by the Stipulation), or (b) at the conclusion of my engagement in connection with the Action, or (c) at the request of the attorney(s) who furnished me with such Confidential Material.

I declare under penalty of perjury that the forgoing is true and correct.

Name:_____

Title:_____

Date:_____

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing STIPULATED PROTECTIVE ORDER was served upon the Defendants at the following by the methods indicated below:

Christopher P. Beall  \_\_\_\_ Hand Delivery
Todd P. Walker  \_\_\_\_ United States Mail
Jennifer D. Collins  \_\_\_\_ Federal Express
FAEGRE & BENSON  \_\_\_\_ Fax Transmission
1700 Lincoln Street, Suite 3200
Denver, Colorado 80203

Dated: _____    _____

11